# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TROY BUTCHER,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0504** (BOR Appeal No. 2055981)
                        (Claim No. 2019022762)

**PARKER DRILLING COMPANY,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Troy Butcher, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Parker Drilling Company, by Counsel Kendra Welker, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on September 4, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 2, 2020, Order. The Order was affirmed by the Board of Review on May 20, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the

1

Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Butcher, a shop hand, alleges an injury to his lower back on April 12, 2019, while pulling on and brushing top drives. Mr. Butcher has a history of lower back issues. On December 17, 2008, he sought treatment at Ruby Memorial Hospital Emergency Department for back pain. Mr. Butcher reported that he was kneed in the back ten years prior while playing football and was told that there may be a fracture in his vertebra. Mr. Butcher reported an onset of pain one day prior with no trauma. Mr. Butcher returned to Ruby Memorial Hospital on June 14, 2012, due to an acute onset of back pain that occurred while he was playing basketball the day before. The pain radiated into his right leg. X-rays and a lumbar MRI showed mild degenerative disc disease from L2 through L5. On July 20, 2012, Mr. Butcher was again seen at Ruby Memorial Hospital. He stated that he had low back pain that had lasted for nine days. It was noted that it was a recurrent problem.

On April 14, 2019, two days after the alleged injury at issue, Mr. Butcher sought treatment at Fairmont Regional Medical Center. He reported low back pain that started Friday morning at work while he was pulling on something. Mr. Butcher was diagnosed with lumbar strain. X-rays were negative. The following day, Mr. Butcher presented to Fairmont Regional Medical Center Emergency Department where he underwent a lumbar CT scan. The results showed multilevel degenerative disc disease with bulging at L2-3, L3-4, L4-5, and L5-S1. It was recommended Mr. Butcher follow up with his primary physician and obtain an MRI.

An April 18, 2019, treatment note by Justin Morgan, PA-C, indicates Mr. Butcher was seen for an April 12, 2019, low back injury. Mr. Butcher reported that he was using a high speed brush to clean a tool when he felt pulling in his lower back. A CT scan showed multiple bulging discs from L3-S1. PA Morgan diagnosed lumbar spine sprain.

In an April 23, 2019, email titled "Troy Butcher Incident Notes", Ron Schumacher, Operations Manager for the employer, stated that Mr. Butcher reported to Axiom, (the third party healthcare business that the employer uses) that his back locked up, causing him to fall to his knees. This happened twice before he reported the incident to David Baron on April 12, 2019. Mr. Butcher was instructed to go home and to call Axiom if he felt worse and needed to go to the hospital. When he was asked why he did not contact Axiom before going to Fairmont Regional Medical Center Emergency Department, Mr. Butcher stated that he was not feeling better and knew he would be sent home again. Mr. Schumacher stated that when Axiom contacted Mr. Butcher to go

2

to Wedgewood place, Mr. Butcher refused to sign a waiver to allow Axiom to see his medical records. On April 14, 2019, Steve Villars, Yard Foreman, visited Mr. Butcher's house and observed that he was walking normally and showed no signs of pain.

Mr. Butcher retuned to PA Morgan on April 25, 2019, and reported low back pain as well as pain in the upper back and neck. Mr. Butcher stated that he also experienced headaches and vision changes, as well as right upper thigh and bilateral hip pain. PA Morgan diagnosed lumbar intervertebral disc disorder and cervicalgia secondary to posture change.

Gerald Eaton, with the claims administrator, conducted a recorded interview with Mr. Butcher on May 13, 2019. Mr. Butcher stated that he felt fine on the morning of April 12, 2019. Around 8:30 or 9:00 a.m., he was cleaning top drives with a brush. The top drives weighed eighty to 100 pounds and brushing them required pulling on them. Mr. Butcher stated that his back began to tighten up while he was finishing the cleaning. He then dropped a protector for the top drives. When he bent over to pick it up, his back locked up and he fell to his knees. He told his coworker, Tyler, about the injury. Mr. Butcher stated that he reported the injury to the foreman, Dave, after break. Dave made him clock out, and he has not returned to work since. Mr. Butcher testified that he saw PA Morgan on request by Axiom. Mr. Butcher stated that he had previous problems with his lower back about a year prior to the work injury, but he asserted that his current symptoms were different.

The July 29, 2019, Employees' and Physicians' Report of Injury indicates Mr. Butcher alleged an injury to his back on April 12, 2019. Mr. Butcher stated that he was brushing top drives when he felt a pull in his lower back. A minute later, his back started locking up. The physician's section was completed at Fairmont Regional Medical Center, and the diagnosis was listed as occupational low back strain. The claims administrator rejected the claim on September 4, 2019.

Mr. Butcher testified in a March 2, 2020, deposition that on April 12, 2019, he was brushing top drives. When he was almost finished, he felt something pull in his lower back. A minute later, his back pain worsened. He then bent over to pick something up and his back locked up, causing him to fall to his knees. Mr. Butcher testified that he reported the injury to his foreman, Dave Barton at break time. Mr. Butcher stated that he had previous back problems, beginning with a football injury when he was thirteen. Mr. Butcher stated that he occasionally had periods of back pain that resolved. However, he asserted that his current symptoms were different than those he previously experienced, and he stated that he had never experienced pain running up his spine.

Prasadarao Mukkamala, M.D., performed a Record Review on July 20, 2020, in which he concluded that there was no credible, objective medical evidence of a work-related injury. He noted that Mr. Butcher had suffered from chronic back pain for many years.

The Office of Judges affirmed the claims administrator's rejection of the claim in a November 2, 2020, Order. It found that Mr. Butcher had significant preexisting back issues, including multilevel degenerative disc disease. Mr. Butcher admitted that he had problems with back pain since he was thirteen. The Office of Judges determined that Dr. Mukkamala's Record Review was the most persuasive evidence of record. Dr. Mukkamala stated that Mr. Butcher had

3

a history of chronic back pain that started when he was young. He further determined that Mr. Butcher suffers from degenerative lumbar spondyloarthropathy, which is the cause of his current symptoms. The Office of Judges concluded that it is more likely than not that Mr. Butcher's symptoms are the result of his preexisting condition rather than a work-related injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2021.

After review, we reverse and remand the case for further development of the evidentiary record and analysis under *Moore v. ICG Tygart Valley, LLC*, ___ W. Va. ___, 879 S.E.2d 799, (2022). In Syllabus Point 5 of *Moore*, this Court stated that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, Mr. Butcher's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

The evidence in this case indicates that Mr. Butcher clearly had preexisting low back issues in the form of degenerative disc disease. It must still be determined, however, if his preexisting condition was asymptomatic prior to the compensable injury.

West Virginia Code § 23-5-8a(a) provides that

> [t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in §23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: *Provided*, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in §23-5-8b of this code.

Therefore, we remand the case to the Board of Review with directions to analyze the case under the new standard and to further develop the evidentiary record.

Reversed and Remanded.

**ISSUED: January 23, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead

ARMSTEAD, Justice, dissenting:

I would have set this case for oral argument to thoroughly address the issues raised in this appeal. Accordingly, I respectfully dissent to the memorandum decision